PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JONAH P. ROSS (CABN 305076)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    jonah.ross@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:24-CR-00251 AMO |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| ADESOLA KEHINDE, | Date:   May 19, 2025<br>Time:   2:00 p.m. |
| Defendant. | |

## INTRODUCTION

In January of 2024, Defendant Adesola Kehinde—a man twice convicted of (among other serious felonies) and then on parole for human trafficking of a minor for commercial sex—was found in possession of a loaded Glock pistol, while he was in the company of a 17-year-old girl who acknowledged being a sex worker. Defendant has pleaded guilty in the instant case to being a felon in possession of the Glock pistol and the ammunition it contained, in violation of 18 U.S.C. § 922(g)(1).

For the reasons set forth below, the Government requests that the Court sentence Defendant to 75 months imprisonment, a three-year term of supervised release (with the conditions recommended by probation and set forth in the plea agreement), a $100 special assessment, and order forfeiture of the

firearm and ammunition seized.

## BACKGROUND

### I.   Offense Conduct

On January 8, 2024, special agents with the Federal Bureau of Investigation surveilled Defendant as part of an investigation into the sex trafficking of minors.  Presentence Investigation Report ("PSR"), Dkt. 53 at ¶ 6.  Agents photographed Defendant, who was accompanied by a girl the agents later learned was 17 years old and admitted being a sex worker.  *Id*. at 6, 8.  The following morning, officers with the Alameda Police Department arrived at the parking lot of Defendant's residence in Alameda to conduct a sex offender compliance check and parole search.  *Id*. at 7.  At the time, Defendant was on parole for human trafficking of a minor for commercial sex (Cal. Pen. Code § 236.1(c)), threats of death or great bodily injury (Cal. Pen. Code § 422), and robbery (Cal. Pen. Code § 211).  *Id*.  at 7.  In the parking lot, officers found Defendant seated in the driver's seat of his Tesla, and advised him that they would be conducting a check for compliance with his parole.  *Id*. at 8.  In the back seat of the car, officers located the same girl the FBI agents had observed the night before, accompanying Defendant.  *Id*.  The girl, who was 17 years old, acknowledged being a sex worker, and agents recognized her as a victim in a prior sex trafficking investigation.  *Id*.  The terms of Defendant's parole prohibited him from having contact with any minor females he knew or reasonably should have known to be between the ages of 13 and 18.  *Id*.

Officers searched Defendant's vehicle, and in the pocket of what appeared to be the same pants he had worn the night before, located a Glock 43 sub-compact 9mm pistol, loaded with one round in the chamber and six rounds in the pistol's magazine.  *Id*. at 9.

The 17-year-old girl gave officers permission to look through her phone, and officers observed a photograph of Defendant (who was then 37 years old) and the girl kissing on a couch.  *Id*. at 10.  From evidence on the phone, officers deduced that the girl had been staying at Defendant's apartment for several days prior to his arrest.  *Id*.  (Defendant's 16-year-old son was also living in the apartment and was present when the officers entered the apartment after detaining Defendant.  *Id*.)  On Defendant's phone, officers located saved images consistent with Defendant's ongoing role in sex work, including screenshots from various websites for advertising sex work and a screenshot of contacts saved as "LuxeDolls."  *Id*.

## II. Criminal History

Defendant has suffered the following felony convictions as an adult:

- 2021:  Cal. Pen. Code §§ 236.1(c) (human trafficking of a minor for commercial sex) and 422 (threats with intent to terrorize);

- 2015:  Cal. Pen. Code §§ 236.1 (human trafficking of a minor for commercial sex), 422 (threaten with intent to terrorize), and 211 (robbery);

- 2014:  Cal. Pen. Code § 30305(a)(1) (prohibited person in possession of ammunition);

- 2013:  Cal. Pen. Code § 30305(a)(1) (prohibited person in possession of ammunition);

- 2007:  Cal. Health & Safety Code § 11352(a) (possession for sale of narcotics); and

- 2006:  Cal. Health & Safety Code § 11350 (possession of narcotics/controlled substances).

Defendant also faces charges out of Solano (CA) County following his arrest on January 28, 2021.  PSR at ¶ 45.  According to the underlying report, the Vacaville Police Department's Vice Unit was conducting an undercover human trafficking investigation when Defendant responded to an online prostitution advertisement posted by the vice unit.  *Id*.  Defendant at the designated location to meet the person he believed was a prostitute, but fled after Solano County Sheriff's deputies attempted to detain him.  *Id*.  Defendant was eventually arrested after colliding with and injuring another motorist.  *Id*.  After crashing his vehicle, Defendant fled on foot and discarded a loaded Glock pistol.  *Id.*

## III. Procedural Posture

On January 25, 2024, the Government charged Defendant via complaint with one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  Dkt. 1.  The Government sought pretrial detention for Defendant, and on February 23, 2024, the Honorable United States Magistrate Judge Kandis A. Westmore ordered Defendant detained pending trial.  Dkt. 10.  On May 1, 2024, the government filed an Information charging Defendant with one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  Dkt. 19.  On May 2, 2024, Defendant waived indictment and was arraigned on the Information.  Dkt. 20-21.  On December 16, 2024, pursuant to a plea agreement, Defendant pleaded guilty to the charge against him.  Dkt. 45-46.  The Government agreed to recommend a sentence of not more than 75 months in custody.

Dkt. 45.

# ARGUMENT

## I. Legal Standard

The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court is to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991. In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), which include (among other factors):

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (3)    the need for the sentence imposed to afford adequate deterrence to criminal conduct;

    (4)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

## II. Sentencing Guidelines Calculation

As set forth in the PSR and the plea agreement, the Sentencing Guidelines calculations for Defendants offense level is as follows:

|  | U.S.S.G. Section | Level/Points |
|---|---|---|
| Base offense level | § 2K2.1(a)(4)(B) – prohibited person with two prior crimes of violence | 24 |
| Acceptance of responsibility | §3E1.1(a) and (b) | -3 |
| Total offense level |  | 19 |

PSR ¶¶ 17-26; Dkt. 45 at ¶ 7.

The Probation Officer concluded that Defendant's criminal history score is nine, and he therefore falls into Criminal History Category IV. *Id.*, ¶ 43. As reflected in the PSR, the Guidelines range for

1    imprisonment associated with adjusted offense level 21 and Criminal History Category IV is 57-71

2    months of incarceration.  *Id*., ¶ 84.  The Probation Officer recommends a 60-month sentence.  *Id*. at

3    Sentencing Recommendation.

4    **III.    The United States' Sentencing Recommendation**

5            Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C.

6    § 3553(a), the Government respectfully recommends a custodial sentence of 75 months—an upward

7    variance of four months from the applicable guidelines range—to be followed by a three-year term of

8    supervised release.  Consistent with 18 U.S.C. § 3553(a), such a sentence is sufficient, but not greater

9    than necessary, to reflect the seriousness of the offense, provide specific deterrence given Defendant's

10   criminal history, and protect the public from further crimes from Defendant.

11           Defendant's conduct here is dangerous, and the offense he committed is serious.  That

12   Defendant—while on probation for trafficking of a minor for commercial sex and criminal threats *and*

13   parole for a separate conviction for trafficking of a minor for commercial sex, criminal threats, and

14   robbery—possessed this loaded (including a round in the chamber) semiautomatic pistol is concerning.

15   That he possessed it while in the presence of a minor sex worker who had been living in his apartment

16   for (at least) days and with whom (per the photos on her cell phone) appeared to have some romantic

17   involvement is more cause for concern.  And that Defendant's phone contained even more evidence of

18   his ongoing work as a pimp is alarming.

19           Defendant's criminal history—which includes not only multiple convictions for sex trafficking

20   of minors, but also convictions for robbery, threats to terrorize (twice), and unlawful possession of

21   ammunition (twice)—gives the Court no reason to believe Defendant intends to live a law-abiding life,

22   and every reason to believe that he will continue committing the same sorts of crimes upon his eventual

23   release from prison.  Even with the restrictions of both parole *and* probation, Defendant continued to

24   commit crimes, including both the instant offense, and his pending case in Solano County.  When

25   Defendant is out of custody, the public is not safe—especially young, vulnerable girls who might turn to

26   sex work.  Defendant's relentless criminal conduct proves that only a lengthy custodial sentence will

27   adequately protect the community from further crimes.

28

UNITED STATES' SENTENCING MEMO.          5
4:24-CR-00251 AMO

1

**CONCLUSION**

2        For the foregoing reasons, the government recommends that the Court sentence Defendant to 75

3  months in prison, followed by a three-year term of supervised release.

4

5  DATED:  May 12, 2025                                Respectfully submitted,

6                                                      PATRICK D. ROBBINS
                                                       Acting United States Attorney
7

8                                                      _____/s/_____
                                                       JONAH P. ROSS
9                                                      Assistant United States Attorney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28